

# THE ATTORNEY GENERAL

## OF TEXAS

AUSTIN, TEXAS 78711

WAGGONER CARR
ATTORNEY GENERAL

July 22, 1966

Honorable Preston Smith
Lieutenant Governor
Austin, Texas

Dear Governor Smith:

Opinion No. C-729

Re: Construction of Article
23a, Vernon's Civil Stat-
utes, related to uniform
system of time in view of
the enactment of Public
Law 89-387, Uniform Time
Act of 1966.

Your request for an opinion on the above subject matter reads as follows:

"The State of Texas by the enactment of Art. 23a, V. A. C. S., (Acts 1947, 50th Legislature, Page 723, Chapter 359, Sec. 1), adopted central standard time as official.

"The 89th Congress, by the enactment of Public Law 89-387 on April 13, 1966, amended the Federal laws pertaining to time, and established an official time applicable throughout the United States and its territories, with the exception that any State may by law exempt itself from the provisions of the sub-section providing for the advancement of time. The Federal amendment is to be effective on April 1, 1967, and there has been some inquiry as to whether or not our State law has been nullified by the later Federal legislation.

"Will you please take this matter under consi-deration and advise me, in view of both our State and Federal law, whether or not our State law is still applicable, or if it will be necessary that we re-enact our State statute, in order to retain central standard as the official time for the State of Texas?"

Article 23a, Vernon's Civil Statutes, enacted in 1947, provides as follows:

"The standard time throughout this state shall be that of the ninetieth (90th) meridian of longi-tude west from Greenwich, commonly known as 'central

-3503-

standard time'; provided, however, that regions of this State using Mountain Standard Time, shall continue to use that time as their official standard time. In all statutes, orders, rules, and regulations, either now in force or hereafter to be promulgated, relating to the time within which any Act shall or shall not be performed by any person, it shall be understood and intended that the time referred to is the standard time as provided for in this Article, unless otherwise expressly provided."

The pertinent provisions of Public Law 89-387; 80 Stat. 107, known as the Uniform Time Act of 1966, reads as follows:

"Sec. 3. (a) During the period commencing at 2 o'clock antemeridian on the last Sunday of April of each year and ending at 2 o'clock antemeridian on the last Sunday of October of each year, the standard time of each zone established by the Act of March 19, 1918 (15 U.S.C. 261-264), as modified by the Act of March 4, 1921 (15 U.S.C. 265), shall be advanced one hour and such time as so advanced shall for the purposes of such Act of March 19, 1918, as so modified, be the standard time of such zone during such period; except that any State may by law exempt itself from the provisions of this subsection providing for the advancement of time, but only if such law provides that the entire State (including all political subdivisions thereof) shall observe the standard time otherwise applicable under such Act of March 19, 1918, as so modified, during such period.

"(b) It is hereby declared that it is the express intent of Congress by this section to supersede any and all laws of the States or political subdivisions thereof insofar as they may now or hereafter provide for advances in time or changeover dates different from those specified in this section.

"(c) For any violation of the provisions of this section the Interstate Commerce Commission or its duly authorized agent may apply to the district court of the United States for the district in which such violation occurs for the enforcement of this section; and such court shall have jurisdiction to enforce obedience thereto by

writ of injunction or by other process, mandatory or otherwise, restraining against further violations of this section and enjoining obedience thereto.

"Sec. 4. (a) The first section of the Act of March 19, 1918, as amended (15 U.S.C. 261), is amended to read as follows:

"'That for the purpose of establishing the standard time of the United States, the territory of the United States shall be divided into eight zones in the manner provided in this section. Except as provided in Section 3 (a) of the Uniform Time Act of 1966, the standard time of the first zone shall be based on the mean solar time of the sixtieth degree of longitude west from Greenwich; that of the second zone on the seventy-fifth degree; that of the third zone on the ninetieth degree; that of the fourth zone on the one hundred and fifth degree; that of the fifth zone on the one hundred and twentieth degree; that of the sixth zone on the one hundred and thirty-fifth degree; that of the seventh zone on the one hundred and fiftieth degree; and that of the eighth zone on the one hundred and sixty-fifth degree. The limits of each zone shall be defined by an order of the Interstate Commerce Commission, having regard for the convenience of commerce and the existing junction points and division points of common carriers engaged in interstate or foreign commerce, and any such order may be modified from time to time. As used in this Act, the term "interstate or foreign commerce" means commerce between a State, the District of Columbia, the Commonwealth of Puerto Rico, or any possession of the United States and any place outside thereof.'

". . .

"(c) Section 4 of such Act is amended to read as follows:

"'Sec. 4. The standard time of the first zone shall be known and designated as Atlantic standard time; that of the second zone shall be known and designated as eastern standard time; that of the third zone shall be known and designated as central standard time; that of the fourth zone shall be known and designated as

mountain standard time; that of the fifth zone
shall be known and designated as Pacific stan-
dard time; that of the sixth zone shall be
known and designated as Yukon standard time;
that of the seventh zone shall be known and
designated as Alaska-Hawaii standard time;
and that of the eighth zone shall be known
and designated as Bering standard time.'

" . . .

"Sec. 6. <u>This Act shall take effect on
April 1, 1967</u>; . . . ." (Emphasis added throughout)

Since Congress by the enactment of Public Law 89-
387 now requires the observance of uniform time, it has pre-
empted the field concerning uniform time, and the provisions
of Public Law 89-387, above quoted, will prevail over State
legislation if a conflict exists. Section 4 states that the
limits of each zone shall be defined by an order of the Inter-
state Commerce Commission rather than the Act itself prescrib-
ing the territorial limits of the eight zones named therein.
Therefore, on April 1, 1967, (the effective date of the Act),
the time zone or time zones in which the territorial limits
of the State of Texas is placed will be determined by the
order of the Interstate Commerce Commission defining the
limits of each zone rather than the Act entitled: An Act
to transfer the Panhandle and Plain section of Texas and
Oklahoma to the United States standard central time zone;
aproved March 4, 1921, (15 U.S.C. 265). Thus, Section 3(a),
providing for the advancement of time, does not determine
the territorial limits of each zone; rather, it merely
provides for the advancement of time within each zone during
specified portions of the year.

Under the provisions of Section 3(a), any state is
permitted to exempt itself from the provisions of Section 3(a)
providing for the advancement of time, but only if the entire
state shall observe the standard time otherwise applicable.
Since Article 23a, Vernon's Civil Statutes, does not require
the entire State to observe the standard time otherwise
applicable under Public Law 89-387, it will be necessary to
amend Article 23a in order for the State of Texas to exempt
itself from the provisions of Section 3(a) of the Uniform
Time Act of 1966.

## SUMMARY

In order for the State of Texas to exempt itself from the provisions of Section 3 of Public Law 89-387 providing for the advancement of time on the last Sunday of April of each year and ending on the last Sunday of October of each year, it is necessary to amend Article 23a, Vernon's Civil Statutes.

Very truly yours,

WAGGONER CARR
Attorney General

By: John Reeves
  John Reeves
  Assistant

JR:mh:dh

APPROVED:
OPINION COMMITTEE

W. O. Shultz, Chairman

Pat Bailey
James McCoy
Phillip Crawford
Marvin Sentell

APPROVED FOR THE ATTORNEY GENERAL
By: T. B. Wright